Troutman Sanders LLP
Ryan C. Tuley, Bar No. 198249
ryan.tuley@troutmansanders.com
William D. Burger Jr., Bar No. 234915
william.burger@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:   949.622.2700
Facsimile:    949.622.2739

Clinton E. Cameron
clinton.cameron@troutmansanders.com
Tyler S. Mertes
tyler.mertes@troutmansanders.com
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
Telephone:   312.759.1920
Facsimile:    312.759.1939
*Admitted pro hac vice*

Attorneys for Defendant
Continental Casualty Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company; CONTINENTAL CASUALTY COMPANY; CERTAIN LONDON MARKET COMPANIES; EQUITAS INSURANCE LIMITED (formerly Speyford Limited); and FIRST STATE INSURANCE COMPANY, <br><br> Defendants. | Case No.: LA CV 11-6885 JAK (VBKx) <br><br> Hon. John A. Kronstadt <br><br> **PROTECTIVE ORDER** <br><br> **DISCOVERY MATTER** <br><br> NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

    A.    WHEREAS, this action concerns an insurance coverage dispute between plaintiff Pepsi-Cola Metropolitan Bottling Company, Inc. ("Pepsi") and its insurers, defendants Allstate Insurance Company, as successor-in-interest to

Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Allstate"), Continental Casualty Company ("Continental"), Certain London Market Companies ("London"), First State Insurance Company ("First State") and Equitas Insurance Limited, formerly Speyford Limited) ("EIL"), ("The Coverage Action" and the parties to the coverage action shall be referred to as the "Parties") in connection with certain underlying lawsuits in which claimants allege to have suffered bodily injury, property damage and/or personal injury as a result of exposure to constituents allegedly released or present in, at, around and in the vicinity of a Willits, California manufacturing facility operated by a predecessor to Pepsi (the "Liability Suits");

B. WHEREAS, the parties anticipate that discovery in The Coverage Action will include confidential and sensitive documents and information arising out of or related to the underlying Liability Suits, including but not limited to, medical records, employment records, education/school records, attorneys' fees records, and settlement agreements;

C. WHEREAS, some of[1] the Parties to this lawsuit have previously been parties to one or more of the following coverage actions involving some of the same insurance policies at issue here and either some of the Liability Suits or the same former manufacturing facility in Willits, California — Jensen-Kelly Corporation et al. v. Allianz Insurance Company, et al., Case No. BC069018 (Los Angeles Superior Court) (the "Jensen-Kelly Action"); People of the State of California v. Lloyd's of London, et al., Case No. 217769 (Sonoma County Superior Court) (the "Sonoma Action"); One Beacon Insurance Group v. PepsiAmericas, Inc., et al., Case No. 01-06929 GAF (C.D. Cal.) (the "OneBeacon Action"); and Pepsi-Cola Metropolitan Bottling Company, Inc. v. Insurance Company of North America, et al., Case No. CV-10-2696 SVW (MANx) (C.D. Cal.) (the "Pepsi Action");

---

[1] EIL has not been a party to any of the prior lawsuits identified in this Protective Order.

2          STIPULATED PROTECTIVE ORDER

D. WHEREAS, the Parties believe that discovery conducted in the Jensen-Kelly Action, the OneBeacon Action, the Sonoma Action and the Pepsi Action, which includes dozens of deposition transcripts, among other things, may be relevant to this lawsuit and/or help facilitate resolution of this lawsuit;

E. WHEREAS, discovery in the Jensen-Kelly Action, the Sonoma Action, the OneBeacon Action and the Pepsi Action is subject to protective orders entered upon showings of good cause, see Protective Orders attached as Exhibits A, B, C and D to the Stipulated Protective Order, and cannot be used in this action unless this Court enters a protective order;

F. WHEREAS, the Parties to this litigation wish to protect the confidentiality of the above-described documents and information and to ensure that the parties can obtain and pursue discovery with a minimum of delay and expense;

G. WHEREAS, the Parties agree that, in order to conduct meaningful discovery in accordance with the Federal Rules of Civil Procedure, a Stipulated Protective Order is necessary;

H. WHEREAS, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential; and

I. WHEREAS, the Parties submit that good cause has therefore been shown pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. **DEFINITIONS**

    1.1   Party:  any party to this Coverage Action, including all of its officers, directors, employees, consultants, retained experts, outside counsel (and their support staff), claim-handling entities, reinsurers, retrocessionaires, accountants,

regulators, or auditors to whom the Parties have a contractual, statutory or regulatory obligation to report.

1.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3     "CONFIDENTIAL" Information or Items:  any information which has not been made public, that the Designating Party in good faith believes is properly protected under Fed. R. Civ. P. 26(c), and which is properly designated as "CONFIDENTIAL" according to the procedures set forth in this Order, including, but not limited to, information and documents regarding medical records, employment records, education/school records, military records, attorneys' fees, settlement agreements, and discovery in the prior coverage actions.

1.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

1.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.6     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.7     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."  Protected Material includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the "CONFIDENTIAL" material.

1.8     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.9     In-House Counsel:  attorneys who are employees of a Party or attorneys who are employees of a claim handling entity under contract by a Party.

1.10   Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

1.11   Expert:  a person with specialized knowledge or experience in a matter pertinent to the Coverage Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; auditing, organizing, storing, retrieving, examining, sorting data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted from the Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

## 3. DESIGNATING PROTECTED MATERIAL

3.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Specifically, a Designating

Party must determine that the information sought to be protected is properly subject to protection under Section 1.3 of this Order and F.R.C.P. Rule 26(c). Counsel for a Designating Party shall make a good faith determination that protection is warranted before designating any discovery material "CONFIDENTIAL."

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 3.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" clearly on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" designation clearly on each page that contains

Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the margins).

(b) <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that it intends to designate as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which "CONFIDENTIAL" protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.  During the pendency of the thirty-day period, and until a final transcript incorporating all specified confidentiality designations is provided by the court reporter, the Parties shall treat all portions of the testimony as "CONFIDENTIAL."  After the final transcript incorporating all specified confidentiality designations is provided by the court reporter, the Parties agree to destroy all copies of any interim transcripts containing incomplete confidentiality designations.

Transcript pages containing Protected Material must be separately marked by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place

on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

3.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 4. INADVERTENT PRODUCTION OF DOCUMENTS

4.1 If information subject to a claim of attorney client privilege or work product immunity is inadvertently or mistakenly produced, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a Party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the Producing Party within twenty one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request. All copies of inadvertently or mistakenly produced documents shall be returned or destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If the Receiving Party objects to the return of such information within the seven (7) business day period described above, the Receiving Party may move the Court for an order compelling the production of such information.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial

unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly by phone or in person with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first and has fully complied with the procedures set forth in Local Rule 37-1.

5.3     Judicial Intervention.  Any dispute relating to this Stipulated Protective Order, including a challenge to a confidentiality designation or the inadvertent disclosure of work product or attorney-client material, must be done pursuant to Local Rule 37.  In making or opposing any motion relating to the designation of "CONFIDENTIAL" material, the party seeking to maintain a document as confidential shall bear the burden of showing good cause with respect to the maintenance of the "CONFIDENTIAL" designation.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or in the handling of any related claims.  Such Protected Material may be disclosed only to

the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Subject to the limitations set forth in Section 10 of this Order, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.  Receiving Party's Outside Counsel will sign the "Acknowledgment of Receipt of Stipulated Protective Order and Certificate of Compliance" that is attached as Exhibit 1 to the Stipulated Protective Order on behalf of all involved employees in the office of Outside Counsel and instruct said employees regarding the protected nature and handling of the "CONFIDENTIAL" Information or Items;

(b)    the Receiving Party, including the officers, directors, employees (including In-House Counsel), claim-handling entities, reinsurers, retrocessionaires, accountants, regulators, or auditors to whom the Parties have a contractual, statutory or regulatory obligation to report, of the Receiving Party to whom disclosure is reasonably necessary;

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment of Receipt of Stipulated Protective Order and Certificate of Compliance" (Exhibit 1);

(d)    the Court and its personnel subject to the filing procedures set forth herein (who are not required to sign Exhibit 1);

        (e)    court reporters, and their staffs, to whom disclosure is reasonably necessary for this litigation;

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary provided, however, that such witnesses may not retain any such "CONFIDENTIAL" documents following their appearance for deposition or trial testimony; and

        (g)    the author of the document or the original source of the information.

    6.3    Nothing in this Order shall prevent any Party from using or disclosing its own "CONFIDENTIAL" Information or Items.  In addition, nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a Party of documents or information received at any time by that Party from other sources.

**7.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment of Receipt of Stipulated Protective Order and Certificate of Compliance" that is attached hereto as Exhibit 1.

## 9. FILING PROTECTED MATERIAL

Motion papers or other Court filings, including exhibits, that disclose Protected Material shall be filed with an application to file the Protected Material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United States District Court, Central District of California and any rules by Judge John A. Kronstadt or Magistrate Judge Victor B. Kenton on under seal filings.  In addition, papers referencing or relying upon Protected Material shall designate the particular aspects that are confidential to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.  If the Receiving Party disputes a confidential designation of motion papers or exhibits, then the Receiving Party must notify the Designating Party of that dispute in writing. If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the "CONFIDENTIAL" designation. The non-moving party may oppose such motion. In the interim, the designated material shall be deemed Protected Material until the issue is resolved by the Court.

The designation of any information, document, or thing as "CONFIDENTIAL" does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL" is wholly insufficient to warrant a filing under seal.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

### 10. "CONFIDENTIAL" MATERIALS OFFERED AS EVIDENCE AT TRIAL OR IN CONNECTION WITH A DISPOSITIVE MOTION

When offered in evidence at trial or in connection with a dispositive motion, Protected Material will become available to the public, unless compelling reasons, as opposed to merely good cause, can be shown to the district judge in advance of the scheduled trial date to proceed otherwise. See *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file or introduce documents or other evidence under seal must be provided by declaration.

In order to permit a Designating Party to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Party at least forty-five (45) days prior to trial. Any party may then move the Court in advance of the trial for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such materials or information at trial.

### 11. FINAL DISPOSITION

At the conclusion of this litigation, including any appeals from any judgment or order entered by this Court and any retrial, at the request of any producing Party,

Counsel shall at its option either: (1) destroy all Protected Material that has not lost its "CONFIDENTIAL" designation and become available to the public; (2) return to the Producing Party all Protected Material that has not lost its "CONFIDENTIAL" designation and become available to the public; or (3) store all or certain categories of Protected Material that has not lost its "CONFIDENTIAL" designation and become available to the public in its possession in such a manner as to preclude disclosure of the Protected Material to persons other than those permitted herein, subject in perpetuity to the terms, conditions and restrictions of this Protective Order.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

## 12. MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED. Paragraph 10 is stricken. All such determinations shall be made by the District Judge in accordance with his Orders.**

DATED:  March 23, 2012

_____/s/_____
Victor B. Kenton
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company; CONTINENTAL CASUALTY COMPANY; CERTAIN LONDON MARKET COMPANIES; EQUITAS INSURANCE LIMITED (formerly Speyford Limited); and FIRST STATE INSURANCE COMPANY,<br><br>Defendants. | Case No.: LA CV 11-6885 JAK (VBKx)<br><br>Hon. John A. Kronstadt<br><br>**EXHIBIT 1 TO STIPULATED PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE** |

I certify that I have received and carefully read a copy of the Stipulated Protective Order in the above-captioned case and that I fully understand the terms of the Court's Order.  I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the U.S. District Court for the Central District of California for any proceedings involving the enforcement of that Order.

I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct.  Executed this ____ day of _____, 2012, at _____, _____.

Name:_____

Affiliation: _____

Address:_____

Signature:_____